UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                  CRIMINAL NO. 13-cr-20807

-vs-                                 HON. VICTORIA A. ROBERTS

MARCUS ELDER,

        Defendant.
_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

NOW COMES the United States by and through BARBARA L. McQUADE, United States Attorney, and WILLIAM J. SAUGET, Assistant United States Attorney, and hereby submits this memorandum in conjunction with the defendant's sentencing hearing currently scheduled for Tuesday, July 28, 2015 at 10:00 a.m.

On March 11, 2014, the defendant along with five others was charged by way of a first superseding indictment with conspiring to distribute more than 280 grams of cocaine base in violation of 21 U.S.C. §§ 841(a) and 846. On April 8, 2015, he pled guilty by way of a F.R.Crim.P. 11 plea agreement to the conspiracy charge. The hearing was continued to April 20, 2015, to determine the amount of drugs reasonably foreseeable to the defendant for purposes of establishing an accurate Sentencing Guideline Range.

In a post-indictment investigation it was determined that the quantities of cocaine base originally alleged in the indictment were not accurate. The problems with the quantities were two-fold. With regard to an undercover purchase of drugs on January 21, 2013, the indictment identified the drugs as 87.3 grams of cocaine base, when in fact it was cocaine in powder form. Secondly, Counts 3 and 4 of the indictment alleged that quantities of cocaine base had been the subject of two other undercover purchases, when in fact no controlled substances were detected during the laboratory analyses for the substances associated with either of these counts. In light of the dissimilarity of the drugs involved in the conspiracy, the Probation Department converted them to their marijuana equivalents. These calculations produced an equivalent quantity of 780 kilograms of marijuana for Sentencing Guidelines purposes. *See;* Presentence Investigation Report [hereafter "PSI"], p. 7, ¶ 24. The government concurs with these calculations. Factoring in the various other components of the Sentencing Guideline paradigm, *viz.* role in the offense, criminal history, etc., produces a guideline imprisonment range of 78 to 97 months, which is subject to a statutory mandatory minimum of 60 months. *See;* PSI, p. 13, ¶s 59 and 60. This advisory guideline range reflects the recent amendment to the Sentencing Guidelines effective November, 2014. The government also agrees that the Probation Department has calculated the appropriate guideline range.

The Probation Department was unable to identify any factor that would warrant or necessitate a departure from the applicable guideline range. PSI, pp. 14-17, ¶s

73- 83. In similar fashion, in its review of the various sentencing factors contained in 18 U.S.C. § 3553(a) as they relate to this defendant, the government also has found no information that would warrant a sentence outside the guideline range of 78-97 months.

                                        Respectfully submitted,

                                        BARBARA L. McQUADE
                                        United States Attorney

Dated: July 7, 2015                         /s/
                                        WILLIAM J. SAUGET (P-28512)
                                        Assistant United States Attorney
                                        211 West Fort St., Room 2032
                                        Detroit, MI 48226
                                        Telephone: (313) 226-9575
                                        william.sauget@usdoj.gov