UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Respondent,                  Case No: 13-20807
                                                  Hon. Victoria A Roberts
v.

MARCUS ELDER,

        Movant.

_____/

**ORDER GRANTING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. §2255 [Doc. 129] AND MOOTING MOTION TO CLARIFY SENTENCE [Doc. # 125]; MOTION TO CONDUCT PRELIMINARY REVIEW OF PENDING §2255 PETITION [Doc. 139]; AND, MOTION TO EXPAND THE SCOPE OF §2255 PROCEEDINGS RECORD [Doc. # 142]**

**I. INTRODUCTION**

Marcus Elder pled guilty to one count of felony conspiracy to distribute and to possess with intent to distribute a controlled substance. The Court sentenced him to 84 months in prison followed by four years of supervised release.

Elder now moves the Court to vacate his sentence. He argues his attorney was ineffective for failing to: (1) consult him on his right to a direct appeal; (2) adequately prepare for his sentencing hearing and ask the Court to order his federal sentence to run concurrent to his undischarged state sentence; and, (3) move to dismiss the indictment.

The Court believes at least one of Elder's claims has merit. Accordingly, the Court **GRANTS** Elder's motion to vacate his sentence. As a result, Elder's other motions are rendered moot.

## II. STANDARD OF REVIEW

A federal custodial sentence may be vacated, set aside or corrected if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255(a).

To prevail, "a petitioner must demonstrate the existence of an error of constitutional magnitude[,] which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d. 855, 858 (6th Cir. 2005).

Elder says that trial counsel was ineffective. To prove constitutionally deficient counsel, Elder must satisfy a two-prong test. First, he must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, Elder must overcome a strong presumption that counsel's behavior lies within a wide range of reasonable professional assistance. *Id*. In other words, he must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland*, 466 U.S. at 689.

Second, Elder must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, he must show that "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "*Strickland's* test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel – and not the government – to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. See *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

## III. DISCUSSION

### A. Statute of Limitations

The Government argues that Elder's motion to vacate his sentence under §2255 is untimely. The Court disagrees. §2255 motions are subject to a one year statute of limitations. Elder's one-year statute of limitations period began to run from the date the Court entered final judgment of conviction. See §2255(f). The Court entered the final judgment on July 31, 2015. While Elder's motion to vacate was not marked as filed until August 3, 2016, Elder says he gave it to FCI-Milan prison officials on August 27, 2016; presumably he meant July 27, 2016.

Elder is a prisoner who represents himself. Pursuant to the federal *pro se* prisoner mailbox rule, Elder's motion is considered filed at the time he delivered it to prison authorities for filing. *Scuba v. Brigano*, 527 F.3d 479, 484 (6th Cir. 2007). ("Pursuant to the *pro se* mail box rule [defendant's] motion was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." "The rationale for the rule is that the date the prisoner gives the petition to the prison can be

3

readily ascertained, and any delays in receipt by the court can be attributed to the prison, and *pro se* litigants should not be penalized for a prison's failure to act promptly on their behalf.") citing *Houston v. Lack*, 487 U.S. 266, 270–72 (1988).

Elder's claims are not barred by the statute of limitations.

**B. Ground One: Failure to Properly Request a Concurrent Sentence**

Elder says his attorney, Steven Scharg, was ineffective at the sentencing hearing because he did not adequately prepare for the hearing or provide the Court with case law to support his request for the Court to order his federal sentence to run concurrent to a not yet imposed state sentence. His claim has merit.

At Elder's sentencing the Court asked both William Sauget, Assistant U.S. Attorney, and defense counsel, if the Court could order Elder's sentence to run concurrent to his anticipated not yet imposed state sentence. Sauget said, "if the Court is contemplating imposing a concurrent as opposed to a consecutive sentence, I believe it's fairly black letter law that you can't impose a concurrent sentence to a non-existent sentence, which is to say that the parole issue hasn't been determined yet so there's nothing to run concurrent. So, it's probably going to be consecutive. Secondly, with regard to the Michigan Department of Corrections, we're dealing with a separate sovereign and the whole issue of the parole violation is an administrative matter that they address and quite frankly, I don't believe the Court has the jurisdiction or the authority to order them to do anything with regard to their sentence." The Court agreed with the Government at the hearing.

Contrary to the Government's position, the Court had full discretion to order Elder's federal sentence to run concurrent to his state sentence. See *Setser v. United*

4

*States*, 566 U.S. 231 (2012) ("it is within a district court's discretion to order a defendant's federal sentence to run consecutively or concurrently to an anticipated state sentence."); see also *Bowman*, 634 F.3d 357, 362 (6th Cir. 2011); *Gibbs*, 506 F.3d 479, 484 (6th Cir. 2007); *McPartland*, 558 Fed. Appx. 640, 641 (6th Cir. 2014).

In *Gibbs*, the Sixth Circuit said, "where the district court believes that an aspect of the Guidelines is mandatory, there is a presumption of prejudice to the substantial rights of the defendant, and a remand for resentencing is required." *Gibbs v. U.S.*, 506 F.3d 479, 488 (6th Cir. 2007). The *Gibbs* court continued, "prejudice is presumed because the district court's failure to recognize its discretion in sentencing renders it impossible for the defendant 'to show that the subjective decision of the court would have been different if the error had not occurred.'" *Id.* (relying on *United States v. Trammel*, 404 F.3d 397, 402 (6th Cir.2005)).

The Court's failure to recognize its discretion prejudiced Elder. *Strickland*, 466 U.S. at 694. The Court imposed Elder's sentence in violation of the laws of the United States and was subject to a collateral attack. §2255(a)(1),(4). Therefore, the Court will vacate its judgment and resentence Elder.

Elder's motion to vacate his sentence under 28 U.S.C. §2255 is **GRANTED**.

### C. Dismissal of Indictment

Elder says that Scharg was ineffective because he did not file a motion to dismiss the indictment after a government agent falsely testified to the grand jury that some of the drugs tested positive for a controlled substance. Elder says that if Scharg had been effective and if he had filed a motion to dismiss the indictment, he would not have pled guilty.

5

However, what Elder fails to point out is that while there was a testing error, it did not affect his plea of guilty because the Court cleared it up at the plea hearing. There was a lengthy discussion about the chemists' reports and the accuracy of their drug amount calculations. The Government informed the Court that while there indeed was an error, it did not affect Elder because the error concerned calculations with respect to counts 2, 3, and 6, and Elder was only indicted on counts 1 and 8.

Even so, the Court recessed the hearing, so Elder could discuss with his attorney if he still wanted to plead guilty. When the Court returned, Elder said that he understood his right to a jury, but still wanted to plead guilty to drug conspiracy. He also agreed that the Court would hold an evidentiary hearing to decide the correct drug amount calculation and determine his sentencing guidelines. Elder then pleaded guilty to count 1; the Government dismissed count 8.

Ultimately, the drug amount was calculated by the Probation Department at an amount that reduced Elder's guideline range from the initial mandatory minimum of 120 months – to a range of 78 - 97 months – subject to a statutory mandatory minimum of 60 months.

In *Campbell v. United States*, 686 F.3d 353 (6th Cir. 2012), the Sixth Circuit held that in the guilty plea context, "the defendant must show that there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 357 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The Court informed Elder of his rights and gave him sufficient time to decide if he wanted to plead guilty. The Court asked Elder numerous times if he was certain that

he wanted to plead guilty despite the initial calculation discrepancy. Elder assured the Court that he wanted to plead.

Elder has not demonstrated that Scharg erred or that but for Scharg's performance, he would not have pled guilty. A correct drug amount was calculated.

This ineffective assistance claim lacks merit.

### D. Appeal Rights Consultation

Elder says that Scharg was ineffective because he did not advise him of his appeal rights either before or after the Court imposed sentencing.

In *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000), the Supreme Court "reject[ed] a bright-line rule that counsel must always consult with the defendant regarding an appeal." Instead, the Court found that counsel have a constitutionally imposed duty to consult when they have "reason to think either (1) that a rational defendant would want to appeal; or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

Elder does not say that he expressly asked Scharg to file an appeal. He also does not say that he attempted to contact Scharg to request that he file an appeal. He says that if Scharg had consulted with him, he would have told him to file a notice of appeal on two grounds, both ineffective assistance of counsel claims against Scharg on the grounds discussed above.

Importantly, the Court instructed Elder at his sentencing that he had fourteen days from the imposition of sentence to file a direct appeal. It was professionally reasonable for Scharg to decide not to repeat that information. See *Flores-Ortega*, 528 U.S. at 479-80, ("suppose a sentencing court's instructions to a defendant about his

7

appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information.").

Finally, Elder has not demonstrated that he reasonably conveyed to Scharg that he was interested in appealing. See *U.S. v. Lovell*, 83 Fed. Appx. 754, 759-61 (6th Cir. 2003) (where the defendant did not expressly ask counsel to file an appeal, the district court did not err in denying Lovell's ineffective assistance of counsel claim because he did not express an interest in appealing and his grounds for appeal were frivolous).

Elder has not demonstrated that, considering all of the circumstances, he has satisfied the two elements for ineffective assistance of counsel for failure to consult concerning an appeal. Scharg's performance did not constitute ineffective assistance of counsel.

## IV. CONCLUSION

The Court **GRANTS** Elder's motion to vacate his sentence. The Court will resentence Elder consistent with this opinion.

Elder fails to demonstrate that Scharg rendered ineffective assistance of counsel for failing to: consult him regarding his appeal rights or for failing to move to dismiss the indictment.

This ruling renders Elder's related motions **MOOT**: motions to: (1) clarify sentence [Doc. 125]; (2) to conduct a preliminary view of motion to vacate [Doc. 139]; and, (3) to expand the scope of the §2255 proceedings record [Doc. 142].

**IT IS ORDERED.**

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: August 30, 2017

> The undersigned certifies that a copy of this document was served on the attorneys of record and Marcus Elder by electronic means or U.S. Mail on August 30, 2017.
>
> s/Linda Vertriest
> Deputy Clerk