**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

United States of America,

     Plaintiff,

         Case No. 13-20807-01

v.

         Judith E. Levy

Marcus Elder,      United States District Judge

     Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S PETITION FOR A WRIT OF CORAM NOBIS [191]

On November 20, 2025, Defendant Marcus Elder filed a petition for a "writ of error coram nobis." (ECF No. 191.) For the reasons set forth below, the petition is denied without prejudice.

## I. Background

On July 31, 2015, a judgment was entered against Defendant. Defendant pled guilty to Count 1 of the First Superseding Indictment, which charged him with Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. (ECF No. 110.) Defendant was sentenced to a term of

imprisonment of 84 months and a term of supervised release of 4 years. (*Id.* at PageID.425–426.)

On December 19, 2017, an amended judgment was entered for Defendant. (ECF No. 151.) The amended judgment set forth that Defendant was sentenced to a term of "60 months with credit for time served; to run concurrent to potential undischarged term of prison for parole violation on dockets 91-4230 and 94-36776FH." (*Id.* at PageID.688.)

Defendant finished his term of imprisonment, and his term of supervised release began on March 2, 2018. (ECF No. 164.) On July 7, 2020, Defendant's term of supervise release was terminated and he was discharged from supervision. (*Id.*)

## II. Analysis

A writ of coram nobis "provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *United States v. Castano*, 906 F.3d 458, 462 (6th Cir. 2018) (quoting *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013)). "[T]he writ is an 'extraordinary remedy' used only to correct errors 'of the most

fundamental character.'" *United States v. Singh*, 95 F.4th 1028, 1032 (6th Cir. 2024) (quoting *United States v. Morgan*, 346 U.S. 502, 511–12 (1954)). A petitioner for a writ of coram nobis must show "(1) an error occurred during the proceedings that calls the validity of his conviction into doubt; (2) he has no alternative remedy to correct the error; (3) he has good reasons for not seeking to correct the error earlier; and (4) his conviction is causing an ongoing civil disability." *Id.*

The petition fails for many reasons, but the Court will focus on the fact that Defendant has not shown that "his conviction is causing an ongoing civil disability." *Id.* A qualifying civil disability must meet the following test:

> First, the disability must be causing a present harm; it is not enough to raise purely speculative harms or harms that occurred completely in the past. Second, the disability must arise out of the erroneous conviction. Third, the potential harm to the petitioner must be more than incidental.

*Castano*, 906 F.3d at 463 (quoting *United States v. Craig*, 907 F.2d 653, 658 (7th Cir. 1990)).

Defendant attempts to address this factor when he states:

> Petitioner Elder contends that has successfully completed his term of supervised release and is now challenging his federal conviction at this point is based upon the lingering collateral

3

> consequences of this federal conviction amounts to an adverse consequence exist from the conviction sufficient to satisfy the case controversy requirement of Article III . . . .

(ECF No. 191, PageID.781.)[1] Defendant also states, "Mr. Elder now files his only remedy to challenge his conviction in which is being enhanced by his current pending federal criminal cause of action is via a Writ of Error of Coram Nobis in the matter therein." (*Id.* at PageID.778.)[2]

It is difficult to understand Defendant's argument, but he appears to argue that this conviction has some effect on a "current pending federal criminal" case. (*Id.*) A review of the Eastern District of Michigan's criminal docket reveals that there is a pending criminal case against a Defendant named Marcus Dion Elder. *See* Case No. 25-20574-5 (E.D. Mich.) (Goldsmith, J.). It is not clear to the Court whether the defendant in Case No. 25-20574-5 is the same as the Defendant in this case.

In the event that Defendant is not a defendant in Case No. 25-20574-5 (E.D. Mich.), the Court finds that Defendant has not shown that "his conviction is causing an ongoing civil disability" as he has not clearly identified any basis for a disability. *Castano*, 906 F.3d at 463.

---

[1] All errors in the quote are in the original.

[2] All errors in the quote are in the original.

However, even if Defendant is a defendant in the currently-pending criminal case, his showing is still deficient. The criminal proceedings in Case No. 25-20574-5 are still pending. Defendant has not pled guilty or been otherwise convicted of a crime, and any effect the challenged conviction would have on a sentence in Case No. 25-20574-5 are purely speculative. *See Castano*, 906 F.3d at 463.

### III.   Conclusion

For the reasons set forth above, Defendant's petition (ECF No. 191) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: July 23, 2026                      s/Judith E. Levy
Ann Arbor, Michigan                       JUDITH E. LEVY
                                          United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 23, 2026.

                                          s/William Barkholz
                                          WILLIAM BARKHOLZ
                                          Case Manager

5